**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WARWICK LARONALD PLAYER, | § | |
| No. 1241936, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-2119-N |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent.[1] | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner Warwick LaRonald[2] Player ("Player" or "Petitioner") is confined at the Middleton Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Abilene, Texas. Respondent is the Director of the TDCJ-CID.

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named the Director of the Texas Department of Criminal Justice. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

[2] In some documents, Petitioner's middle name has also been listed as Lirone.

**Statement of the Case:** Pursuant to a plea bargain on August 23, 2003, Player pleaded guilty to the offense of aggravated assault as charged in the indictment in cause number F03-52352-TU. He further pleaded true to the prior felony conviction alleged in the indictment. In accordance with the plea agreement, the state court imposed a term of five years deferred adjudication probation and a $1500.00 fine. Thereafter, the State moved to revoke the term of probation based upon his arrest on September 6, 2003, for possession of a controlled substance (crack cocaine). On May 6, 2004, the revocation hearing was held, at the conclusion of which the court found that Player had violated his probation and sentenced him to a term of ten years in the penitentiary with credits for time served.

Petitioner appealed his sentence to the Fifth District Court of Appeals and on January 3, 2005, the court dismissed his appeal for want of jurisdiction. *Player v. State*, No. 05-04-00655-CR (Tex. App.–Dallas January 3, 3005). Petitioner filed a petition for discretionary review ("PDR"), which was dismissed as untimely filed by the Texas Court of Criminal Appeals on April 27, 2005.

On July 20, 2005, Player filed a habeas application challenging his conviction pursuant to Texas Code of Criminal Procedure article 11.07. *Ex Parte Player*, Appl. No. 31, 871-03 at 2. Player's application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on September 28, 2005. *Ex Parte Player*, Appl. No. 31, 871-03 at cover.

Petitioner filed the instant petition on October 18, 2005.[3] On January 26, 2006, Respondent filed his answer contending that all claims in the petition are procedurally barred, and, in the alternative, that Petitioner's sufficiency of the evidence claim is procedurally barred and that all other claims are without merit. Petitioner did not file a traverse.

**Findings and Conclusions:** Review of Player's claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because he filed his § 2254 petition after the effective date of the AEDPA. The AEDPA, in pertinent part, provides that a federal court cannot grant relief under § 2254 unless the adjudication of a state prisoner's claim in the state court system, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C § 2254(d)(1)-(2) (1996). Findings of fact made by a state court are presumed to be correct absent clear and convincing evidence rebutting the presumption. § 2254(e)(1). Where a petitioner challenges a state court's application of federal law under § 2254(d)(1), the petitioner must also show that the state court's decision was not only erroneous, but objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 4 (2003) (citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S. Ct. 1495, 1521 (2000)); *see also Morrow v. Dretke*, 367 F.3d 309, 313

---

[3] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Player signed his federal habeas petition on October 18, 2005. It was filed stamped on October 27, 2005. For the purposes of the recommendation, it is assumed that Player placed his § 2254 petition in the prison mail system on the date he signed his petition.

(5th Cir. 2004) ("[F]ederal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable").

Respondent argues that this court should not consider any of Petitioner's claims because they are procedurally defaulted. Application of a state's procedural bar is a matter of comity and a federal habeas court will not consider a claim on which the state court expressly relied on an independent and adequate state ground unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546, 2557 (1991); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004). However, "if the decision of the last state court…did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition." *Id*.

Respondent's argument that the Court of Criminal Appeals' disposition was predicated on article 11.07, § 4 is without merit because it was not cited in that court's disposition of Player's third article 11.07 application. When that court applies an abuse of the writ to a subsequently filed application it *dismisses* the application. In the present case, the Court of Criminal Appeals *denied* the application, a decision on the merits. *See Ex Parte Player*, Appl. No. 31, 871-03 at cover. Moreover, as distinguished from the issue raised in his second application attacking the representation of the attorney who represented him at the time he entered his plea of guilty, *see Ex Parte Player*, Appl. No. 31, 871-02, Player's latter application related to circumstances which occurred in the course of the revocation hearing which *post-dated* the filing of the former application by eight days and therefore could not have been raised.

4

Respondent's alternative argument that a sufficiency of the evidence claim is not cognizable in a collateral attack is equally lacking in merit.  Although it is well-established in Texas state jurisprudence that the sufficiency of the evidence to support a finding of guilt is not cognizable in an article 11.07 application, *see*, *e.g.*, *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), the Court of Criminal Appeals has expressly held that the sufficiency of the evidence to support the revocation of a state prisoner's deferred adjudication probation is cognizable in a habeas proceeding.  *See Ex parte Carmona*, 185 S.W.3d 492, 495-96 (Tex. Crim. App. 2006).  Therefore, consideration of Player's claims is not procedurally barred.

Petitioner first argues that the evidence was insufficient to prove that he violated conditions of his deferred adjudication probation by committing a criminal offense.  Player's claims raise a constitutional issue because the Due Process Clause of the Fourteenth Amendment affords a defendant minimal protections in a probation revocation hearing.  *See Douglas v. Buder*, 412 U.S. 430, 432, 93 S. Ct. 2199, 2200 (1973).  However, in Texas probation revocation proceedings are considered administrative in nature and are not subject to the reasonable doubt standard.  *See Williams v. Dretke*, No. Civ.A. H-05-1735, 2006 WL 492404, at *11 (S.D. Tex. Feb. 28, 2006) (citing *Bradley v. State,* 564 S.W. 2d 727, 729 (Tex. Crim. App. 1978)).  "To warrant revocation, the State need only establish by a preponderance of the evidence that a defendant violated the terms of his probation."  *Williams*, 2006 WL 492404, at *11 (citing *Cobb v. State,* 851 S.W. 2d 871, 873 (Tex. Crim. App. 1993)).  Thus, a trial court's decision to adjudicate a defendant's guilt comports with the Due Process Clause of the Fourteenth Amendment unless the decision is "totally devoid of evidentiary support."  *Douglas*, 412 U.S. 432, 93 S. Ct. at 2200.

As a condition of probation, Player was prohibited from committing a criminal offense. (Clerk's R. v. 1 at 20-21.)  The testimony admitted at Player's revocation hearing demonstrated that Player possessed crack cocaine while on probation.  Dallas Police Officer Leslie Reese identified Player in the courtroom and testified that he witnessed him discard a clear plastic wrapper containing a substance he believed was crack cocaine. (Rep's R. v. 1 at 10-11).  Drug chemist Kenneth Reine confirmed that the substance was, in fact, cocaine. (Rep.'s R. v. 1 at 31-33.)  This testimony served to support the trial court's decision to adjudicate guilt, and therefore Petitioner has failed to show that the trial court's decision was "totally devoid of evidentiary support."  *Douglas*, 412 U.S. at 432, 93 S. Ct. at 2200.

Petitioner next argues that the State failed to turn over evidence to the defense that was favorable to the accused, in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-977 (1963).  Petitioner alleges that the State suppressed evidence that a witness committed perjury.  To establish a *Brady* violation a defendant must prove that: (1) the prosecution suppressed evidence, (2) the suppressed evidence was favorable to the defense and (3) the suppressed evidence was material to the defense.  *United States v. Lanford*, 838 F.2d 1351, 1355 (5th Cir. 1988).  Evidence is material where there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*.  (quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383 (1985)).  Player neither specifically refers to any of the elements of a *Brady* violation in his petition, nor identifies the witness whom he claims presented perjured testimony.  Such conclusory allegations fail to raise a cognizable constitutional claim.  *See*, *e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Finally, Player raises two additional unmeritorious arguments.  He alleges that the trial court erred by allowing the admission of evidence at his probation revocation hearing that was gathered in violation of the Fourth Amendment to the United States Constitution.  Such an argument is not a cognizable claim in a federal habeas petition, as the Petitioner could have filed a motion to suppress the allegedly illegally obtained evidence before the revocation hearing, but failed to do so.  *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002) (citing *Caver v. Alabama,* 577 F.2d 1188, 1192 (5th Cir. 1978) and *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052  (1976)).  Petitioner also asserts that the trial court failed to rule on his *pro se* speedy trial motion.  However, the record reflects that counsel for Petitioner orally urged the motion during the revocation hearing and the court denied the motion.  (Rep.'s R. v. 1 at 7-8.)  Player has shown no prejudice as a result of the less than eight month delay between the date on which the warrant was executed and the date of the revocation hearing.  *See*, *e.g.*, *Jones v. Johnson*, 230 F.3d 825 (5th Cir.  2000).


**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the district court deny the petition on the merits.

Signed this 5th day of July, 2006

*Wm. F. Sanderson, Jr.*
_____

Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.